UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

VIRGINIA LONGWORTH,

        Plaintiff,

  v.

CAROLYN COLVIN,

        Defendant.

CASE NO. C14-5711 BHS

ORDER AFFIRMING IN PART AND REVERSING AND REMANDING IN PART DEFENDANT'S DISABILITY DECISION

## I. BASIC DATA

Type of Benefits Sought:

    ( X ) Disability Insurance

    (  ) Supplemental Security Income

Plaintiff's:

    Sex: Female

    Age: 54 at date of last insured (September 30, 2009)

Principal Disabilities Alleged by Plaintiff: Fibromyalgia; left elbow epicondylitis (tennis elbow); migraine headaches; cognitive disorder (status-post subarachnoid hemorrhage in 1996); generalized anxiety disorder, depression

Disability Allegedly Began: November 17, 2002

Principal Previous Work Experience: Bench mechanic, aircraft manufacturing

Education Level Achieved by Plaintiff: High School

## II. PROCEDURAL HISTORY—ADMINISTRATIVE

Before ALJ :

   Date of Hearing: March 27, 2013

   Date of Decision: May 17, 2013

   Appears in Record at: AR 21-45

   Summary of Decision:

   The Claimant last met the insured status requirements of the Social Security Act on September 30, 2009.  The Claimant did not engage in substantial gainful activity during the period from her alleged onset date of November 17, 2002 through her date of last insured of September 30, 2009.
   Through the date of last insured, the claimant had the following severe impairments: left elbow epicondylitis (tennis elbow); migraine headaches; cognitive disorder (status-post subarachnoid hemorrhage in 1996), generalized anxiety disorder, depression.  Through the date of last insured, the Claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.
   After careful consideration of the entire record, the undersigned finds that, through the date last insured, the Claimant had the residual functional capacity to perform less than the full range of light work, which is defined in 20 CFR 404.1567(b) as work involving lifting and carrying 20 pounds occasionally and 10 pounds frequently and standing and/or walking for up to 6 hours in an 8-hour workday.  Additionally, the Claimant was able to climb ramps and stairs frequently.  She was unable to climb ladders, ropes, or scaffolds.  She was able frequently to balance, stoop, kneel, and crouch and occasionally to crawl.  The Claimant was able to frequently lift with the right upper extremity.  She had to avoid concentrated exposure to extremes of cold or head and to avoid exposure to vibration, to noise above office level, and to hazards.  The Claimant was able to perform simple, unskilled work. Through the date last insured, the Claimant was unable to perform any past relevant work.
   The Claimant was born February 10, 1955 and was 54 years old, which is defined as a younger individual age 18-49, on the date last insured.  The Claimant subsequently changed age category to closely approaching advanced age.
   The Claimant has at least a high school education and is able to communicate in English.  Transferability of job skills is not material to the

determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the Claimant is "not disabled," whether or not the Claimant has transferrable job skills.
      Through the date of last insured, considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that the Claimant could have performed.
      The Claimant was not under a disability, as defined by the Social Security Act, at any time from November 17, 2002, the alleged onset date, through September 30, 2009, the date last insured.

Before Appeals Council:

Date of Decision: July 15, 2014

Appears in Record at: AR 1-5

Summary of Decision: Declined Review

### III. PROCEDURAL HISTORY—THIS COURT

Jurisdiction based upon: 42 U.S.C. § 405(g)

Brief on Merits Submitted by ( X ) Plaintiff   ( X ) Commissioner

### IV. STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the Court may set aside the Commissioner's denial of Social Security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other

ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the ALJ. *See Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Id.*

## V. EVALUATING DISABILITY

The claimant, Virginia Longworth ("Longworth"), bears the burden of proving she is disabled within the meaning of the Social Security Act ("Act"). *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(3)(A). A claimant is disabled under the Act only if her impairments are of such severity that she is unable to do her previous work, and cannot, considering her age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098–99 (9th Cir. 1999).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof during steps one through four. *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009). At step five, the burden shifts to the Commissioner. *Id.*

# VI. ISSUES ON APPEAL

1. Did the ALJ err by failing to consider application of the Borderline Age Rule when the plaintiff's date last insured was 4 months and 9 days prior to her 55th birthday?

2. Did the ALJ err by failing to develop the record to clarify a medical opinion made by plaintiff's treating health provider?

3. Did the ALJ err by failing to consider the opinions of state examining physicians?

4. Did the ALJ err in finding that the residual functional capacity ("RFC") limitation to unskilled work adequately accommodated the plaintiff's mental impairments along with plaintiff's physical impairments?

5. Did the ALJ err in not finding the plaintiff credible under SSR 96-9p?

# VII. DISCUSSION

**A.    Borderline Age Rule**

Longworth argues that the ALJ erred when she failed to consider the Borderline Age Rule when Longworth was approximately four months from entering the advanced age category on the date of last insured. Dkt. 9 at 4. The Government concedes that the ALJ committed error, but that the error was harmless. Dkt. 10 at 4. A brief discussion of the error is necessary in order to determine whether it was harmless.

A claimant makes a prima facie showing of disability where, as here, the claimant has established that she suffers from a severe impairment that prevents her from doing past work. *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999). Once the claimant makes such a showing, at step five of the disability analysis, the Commissioner of Social Security bears the burden of "show[ing] that the claimant can perform some other work that exists in 'significant numbers' in the national economy, taking into consideration the

1  claimant's residual functional capacity, age, education, and work experience." *Id*. A

2  claimant's "residual functional capacity," is defined as the most that a claimant can do

3  despite "physical and mental limitations" caused by his impairments and related

4  symptoms. 20 C.F.R. §§ 416.945(a)(1), 404.1545. The ALJ then considers potential

5  occupations that the claimant may be able to perform. *See* 20 C.F.R. §§ 416.966,

6  404.1566. The Commissioner can meet this burden in one of two ways: "(a) by the

7  testimony of a vocational expert, or (b) by reference to the Grids." *Tackett*, 180 F.3d at

8  1101.

9       The grids are matrices of the "four factors identified by Congress−physical ability,

10 age, education, and work experience−and set forth rules that identify whether jobs

11 requiring specific combinations of these factors exist in significant numbers in the

12 national economy." *Heckler v. Campbell*, 461 U.S. 458, 461–62 (1983). For purposes of

13 applying the grids, there are three age categories: younger person (under age 50), person

14 closely approaching advanced age (age 50–54), and person of advanced age (age 55 or

15 older). 20 C.F.R. § 404.1563(c)-(e). The regulation in relevant part provides as follows:

16        We will not apply the age categories mechanically in a borderline
          situation. If you are within a few days to a few months of reaching an older
17        age category, and using the older age category would result in a
          determination or decision that you are disabled, we will consider whether to
18        use the older age category after evaluating the overall impact of all the
          factors of your case.
19
   *Id*. § 404.1563(b).
20
          The Circuits are split on whether an ALJ must explicitly acknowledge the
21
   borderline age issue and conduct a clear analysis in the record. The Eighth, Tenth, and
22

Third Circuits have found that the ALJ must explicitly explain his age category determination in order to satisfy the non-mechanical age analysis required by 20 C.F.R. § 404.1563.  *See Phillips v. Astrue*, 671 F.3d 699, 707 (8th Cir. 2012) ("[F]ailure to note that the ALJ has considered whether a claimant falls within a borderline category . . . constitutes a failure to offer findings of fact and reasons for the decision."); *Lucas v. Barnhart*, 184 Fed. Appx. 204, 208 (3d Cir. 2006) (finding that the ALJ's decision was not supported by substantial evidence due to lack of factual findings relevant to the borderline age analysis); *Daniels v. Apfel*, 154 F.3d 1129, 1136 (10th Cir. 1998).  On the other hand, the Sixth, Ninth, and Eleventh Circuits have rejected this requirement. *See Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071–1072 (9th Cir. 2010); *Bowie v. Comm'r Soc. Sec. Admin.*, 539 F.3d 395, 399 (6th Cir. 2008); *Miller v. Comm'r Soc. Sec. Admin.*, 241 Fed. Appx. 631, 635 (11th Cir. 2007).

      In *Lockwood*, the claimant was one month and three days from turning fifty-five at the time of the ALJ hearing.  *Lockwood*, 616 F.3d at 1069.  The Ninth Circuit addressed whether an ALJ "erred when she failed to explain in her written decision why she treated a social security disability benefits claimant as being a person closely approaching advanced age instead of treating the claimant as being a person of advanced age." *Id*. at 1069.  The court noted that by regulation, an ALJ is required to consider whether to use an older age category in a borderline situation. *Id*. at 1070.  The court, however, held that the ALJ had satisfied this requirement by acknowledging that the claimant was closely approaching advanced age, citing the relevant regulation regarding which age category to apply, and evaluating the overall impact of all the factors in the claimant's case by

1  relying on the testimony of a vocational expert.  *Id*. at 1071–72.  The *Lockwood* court

2  concluded that such consideration was sufficient and that there was no "obligation to

3  make express findings incorporated in the ALJ's opinion."  *Id*. at 1073.

4       In this case, it is undisputed that the ALJ made an error.  Specifically, the ALJ

5  considered Longworth to be in the younger individual age category, ages 18-49, and

6  subsequently changed category to closely approaching advanced age, ages 50-55.  AR 36.

7  Longworth, however, was in the category of closely approaching advanced age, age 54,

8  and was a few months from reaching the advanced age category, ages 55 or over.

9  Because Longworth was a few months from reaching advanced age, she argues that she

10 was entitled to a consideration of the factors set forth in the advanced age category.  Dkt.

11 9 at 6-9.  Both the Court and the Government agree with Longworth on this issue.  The

12 Government, however, argues that this error was harmless.  Dkt. 10 at 4.

13      With regard to harmlessness, the court may not reverse an ALJ's decision due to

14 an error that is harmless.  *Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012).

15 Harmless errors are those that are inconsequential to the disability determination.

16 *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008).  The Court

17 finds that the ALJ's error was not harmless because, unlike the situation in *Lockwood*, the

18 record is absent of any indication that the ALJ considered the proper categories in this

19 borderline age situation.  The Court is unable to determine whether Longworth would be

20 disabled under the advanced age metrics and there is no authority for the proposition that

21 the Court should conduct such an evaluation.  Therefore, the Court concludes the error is

22

1 not harmless and, on remand, the ALJ should at least clarify what age categories were
2 evaluated.

3 **B.     Developing the Record**

4     Longworth argues that the ALJ failed to develop the record before evaluating the
5 medical opinion of Longworth's treating provider, Dr. G. Bruce Smith.  Dkt. 9 at 10-14.
6 While a treating physician's opinion is usually afforded greater weight than a non-
7 treating or examining physician, the "treating physician's opinion is not . . . necessarily
8 conclusive as to either a physical condition or the ultimate issue of disability."
9 *Magallanes*, 881 F.2d at 751(citing *Rodriguez v. Bowen*, 876 F.2d 759, 761–62 & n. 7
10 (9th Cir. 1989)).  The Ninth Circuit has made clear that an ALJ is required to explain her
11 reasons for rejecting a treating doctor's opinion.  *See, e.g., Carmickle v. Comm'r, Soc.*
12 *Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008); *Orn v. Astrue*, 495 F.3d 625, 632 (9th
13 Cir. 2007) (holding an ALJ may not reject the opinion of a treating physician "without
14 providing specific and legitimate reasons supported by substantial evidence in the
15 record").

16     In this case, the ALJ explained her reasons for rejecting Dr. Smith's opinion.  First
17 the ALJ set forth Dr. Smith's opinion as to Longworth's physical limitations.  AR 33.
18 The ALJ then stated that "[w]hile some limitations can be reasonably inferred from the
19 diagnoses, such as a restriction to some degree in lifting and carrying, or manipulation,
20 the undersigned finds no support in the diagnosis for the assessed restrictions in other
21 areas."  *Id*.  Moreover, the ALJ concluded that Dr. Smith's "limitations are not supported
22 by his clinical findings or by the claimant's reported activities . . . ."  *Id*.  These are

specific and legitimate reasons and the ALJ cited the evidence in the record that undermines Dr. Smith's extreme physical limitations. Therefore, the Court concludes that the ALJ did not err in affording Dr. Smith's opinion little weight on these issues.

Second, the ALJ set forth Dr. Smith's opinion as to Longworth's mental limitations. AR 33. The ALJ then outlined numerous reasons for discounting Dr. Smith's opinion referring to the opinion as "speculative," "conclusory," "too broad," and "not supported by the record." AR 33-34. While Longworth may disagree with this conclusion, the Court concludes that the ALJ provided specific and legitimate reasons that are supported by substantial evidence in the record. Therefore, the Court denies Longworth's claim that the ALJ erred in affording Dr. Smith's opinion little weight.

**C.     State Medical Opinions**

Longworth argues that the ALJ erred in discrediting the medical opinions of state examining physicians. Dkt. 9 at 15-16. The Government responds that these opinions were given in the previous adjudication and the ALJ properly declined to review any information from that proceeding. Dkt. 10 at 13. In reply, Longworth argues that, because of her changed age category, the ALJ should have reviewed the previous medical opinions. Dkt. 11 at 6. This is a new argument asserted in a reply brief and the Court may properly decline to address the argument. *United States v. Cox*, 7 F.3d 1458, 1463 (9th Cir. 1993) ("a party may not make new arguments in the reply brief."). On remand, Longworth should have an opportunity to present her exception to the ALJ's assertion of res judicata.

**D.     RFC**

Longworth argues that the ALJ failed to include all of Longworth's limitations in the ALJ's RFC assessment. Dkt. 9 at 16-19. Longworth, however, relies on opinions in the previous proceeding and Dr. Smith's opinion. *Id*. The Court has addressed these issues and rejected Longworth's position on both issues. Therefore, the Court also rejects Longworth's argument on this issue.

**E.     Credibility**

Longworth argues that the ALJ erred in finding Longworth not credible. Dkt. 9 at 19-21. The Government responds that, while Longworth's assessment of the evidence is also rational, competing rational interpretations of the evidence is not reversible error. Dkt. 10 at 15-17. In her reply, Longworth argues that the "ALJ's credibility determination was improperly used to discredit the opinion of a treating physician." Dkt. 11 at 8. This is a new argument presented for the first time in reply, and the Court declines to consider it. With regard to Longworth's original argument, the Court agrees with the Government that another rational interpretation of the evidence is insufficient to reverse an ALJ's credibility interpretation. *Thomas*, 278 F.3d at 954. Therefore, the Court denies Longworth's claim on this issue.

## VIII. ORDER

Therefore, it is hereby **ORDERED** that the Commissioner's final decision denying Longworth's disability benefits is **AFFIRMED in part** and **REVERSED AND REMANDED in part** as set forth herein.

Dated this 19th day of March, 2015.

BENJAMIN H. SETTLE
United States District Judge