UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| VIRGINIA LONGWORTH,<br><br>    Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN,<br><br>    Defendant. | CASE NO. C14-5711 BHS<br><br>ORDER DENYING PLAINTIFF'S MOTION |

This matter comes before the Court on Plaintiff Virginia Longworth's ("Longworth") motion for Equal Access to Justice Act ("EAJA") fees and costs (Dkt. 14). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On September 8, 2014, Longworth filed a complaint against Defendant Carolyn W. Colvin, Acting Commissioner of Social Security ("Government"), challenging the Government's denial of her application for benefits.  Dkt 1.

ORDER - 1

On March 19, 2015, the Court issued an order affirming in part and reversing in part the Administrative Law Judge's ("ALJ") denial of benefits. Dkt. 12.

On June 17, 2015, Longworth filed the instant motion requesting fees and costs. Dkt. 14. On June 29, 2015, the Government responded. Dkt. 15. On July 15, Longworth filed a combined motion for extension of time to reply and a reply. Dkt. 16.[1]

## II. DISCUSSION

A party is entitled to EAJA fees only if the government was not "substantially justified" in its actions. 28 U.S.C. § 2412(d)(1)(A). The Supreme Court holds that substantially justified means "justified in substance or in the main"; in other words, "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565–566, n.2 (1988). "It is the government's burden to show that its position was substantially justified." *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013)

In this case, the Government has met its burden. It is undisputed that the ALJ made an error. Although the Government does not contest this conclusion, it appears that the Government misconstrues the Court's reasoning regarding reversing and remanding. In the relevant Ninth Circuit case, the court declined to set a standard that an ALJ must expressly state that he or she considered a borderline age classification. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 n.2 (9th Cir. 2010). In fact, if an ALJ's decision is silent on the borderline age classification, then the reviewing court should presume that the ALJ knew of, considered, and properly applied the law. *Id*. at 1073 n.3.

---

[1] The Court grants the motion for an extension of time to file a reply based on counsel's representation that the motion is unopposed.

The Court did nothing to disturb or extend this precedent. Any assertion by the Government to the contrary is without merit.

What the Court concluded, however, was that the ALJ committed harmful error under the facts of this case. Although the ALJ stated that she considered a borderline age situation, the ALJ referenced the *wrong* age classifications. The Court held that this error was harmful because it undermined the ultimate conclusion on the merits. *Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012). The Government's position was that evidence in the record established that the ALJ knew Longworth's age and properly applied the correct categories. Had the ALJ been silent on the age classifications, the Government's argument may have been persuasive. The Court, however, concluded that the explicit error was not inconsequential and reversed and remanded for additional clarification.

With regard to the current dispute, the Court finds that the Government's position was substantially justified. Harmless error is a case-by-case, fact-specific inquiry. *Id*. at 1053–54. The Government was justified in this case by basing its position on facts that establish that the ALJ merely referenced the wrong age category in the written decision, as opposed to failing to actually consider the proper categories. Although the Court ultimately disagreed with the Government, the Court finds that a reasonable person would find the Government's opposition justified.

## III. ORDER

Therefore, it is hereby **ORDERED** that Longworth's motion for EAJA fees and costs (Dkt. 14) is **DENIED**.

Dated this 20th day of July, 2015.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge